UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STATE OF INDIANA,                       )
                                        )
            Plaintiff,                  )
    vs.                                 )   No. 1:13-cv-0048-SEB-DKL
                                        )
KEVIN J. MAMON,                         )
                                        )
            Defendant.                  )

**Entry Discussing Removal and Directing Remand**

For the reasons explained in this Entry, the action must be **remanded** to the Hancock Circuit Court.

**Discussion**

Kevin Mamon, the defendant in the state court criminal case docketed as No. 30C01-1211-FD-1791, filed a notice of removal of that action to this court.

Pursuant to 28 U.S.C. § 1443, a criminal action commenced in a State court may be removed by a defendant to the district court if it is an action:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

A notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1455(b)(2). Pursuant to 28 U.S.C. § 1455(b)(4), "[t]he United States district court in which [a] notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

For removal to be proper under 28 U.S.C. § 1443(1), a defendant must show that (1) the right denied arises under federal law providing for specific civil rights stated in terms of racial equality, and (2) the state courts will deny or not enforce those specified federal rights. *See Johnson v. Mississippi,* 421 U.S. 213, 219 (1975). Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal rights." *Application of County Collector of Winnebago, Ill.,* 96 F.3d at 897.

The removal statute on which Mamon relies, § 1443(1), is applicable only in a very narrow set of circumstances. *Greenwood v. Peacock,* 384 U.S. 808, 828-29 (1966). Because Mamon has failed to show that his case fits into those circumstances, he cannot proceed with his attempted removal under the interpretation of § 1443(1). Mamon is not a federal officer or agent, and thus cannot rely on § 1443(2) to support removal of the prosecution. *Will Cnty. v. Johnson*, 2010 WL 780385 (N.D.Ill. Mar. 4, 2010).

Mamon's rationale for removal does not remotely fit within either of the subsections of § 1443. His rationale of being unfairly targeted for prosecution does not justify removal under the statute, and the court cannot apply the removal statute beyond the manner in which it is written. *Application of County Collector of County of*

*Winnebago, Ill.,* 96 F.3d 890, 895 (7th Cir. 1996)("Removal jurisdiction is . . . completely statutory, and [the court] cannot construe jurisdictional statutes any broader than their language will bear.")(citing *Cook v. Weber,* 698 F.2d 907, 909 (7th Cir. 1983)).

### Conclusion

Mamon has identified no cognizable basis for removal. In the absence of any allegation of race discrimination, or the inability of the defendant to assert his rights under state law, this court has no jurisdiction to take over the prosecution. *See Johnson,* 421 U.S. at 219–22.

Mamon's motion to strike [dkt 8] is **granted.** The effect of this ruling is that his appearance [dkt 4] and the request to proceed *in forma pauperis* filed on January 24, 2013 [dkt 6] are each withdrawn in this case. The Entry of March 18, 2013, is **revised** such that the only request to proceed *in forma pauperis* acted on in such Entry is the request filed on March 4, 2013.

All other pending motions [dkt 5, 10] are **denied as moot.**

**IT IS SO ORDERED.**

Date: 05/08/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kevin J. Mamon
1009 Manck Dr.
Fort Wayne, IN 46814